**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARGARITO JIMENEZ and EFREN JIMENEZ, | Case No.: 5:13-CV-04615-EJD |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |
| v. | |
| SUNTRUST MORTGAGE INC. and DOES 1 through 20 Inclusive, | **[Re: Docket No. 20]** |
| Defendants. | |

Presently before the court is Defendant Suntrust Mortgage Inc.'s ("Defendant") Motion for Attorney's Fees.  Dkt. No. 20.  Defendant seeks $12,844 in fees from Plaintiffs Margarito Jimenez and Efren Jimenez (collectively, "Plaintiffs") based on the attorney's fees provisions contained in two written agreements between them.  The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing.  Having reviewed the submissions, and for the following reasons, the court GRANTS Defendant's motion.

### I.      Background

Plaintiffs executed a promissory note (the "subject note") with Defendant on January 27, 2006 and thereby obtained a mortgage loan in the original principal amount of $536,000.  Not. of

1

Removal Ex. A (Complaint) ¶ 17, Docket Item No. 1; Def. Req. for Judicial Not. Ex. 1, Docket Item No. 21.[1]  The subject note was secured by a first-lien deed of trust (the "subject deed of trust") on a parcel of real property purchased by Plaintiffs at 1062 Woodminster Drive, San Jose, California 95121 (the "property").  Dkt. No. 21 Ex. 2.  After the loan origination, Plaintiffs allegedly received a loan modification from Defendant under the impression that the new terms were more favorable to them than the original ones.  Dkt. No. 1 Ex. A ¶¶ 18-19.  Plaintiffs allegedly later discovered that these new terms were not in fact beneficial to them. See id. ¶¶ 27-28, 35-37.

Plaintiffs filed this action in the Santa Clara County Superior Court on September 4, 2013, alleging that Defendant's conduct in offering and executing the loan modification constituted fraud, breach of the covenant of good faith and fair dealing, and a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Dkt. No. 1 Ex. A.  Defendant removed the case to this district on October 4, 2013.  Id.  Defendant filed a Motion to Dismiss on October 15, 2013, which Plaintiffs failed to oppose. Docket Item No. 9.  The court scheduled a Case Management Conference for February 7, 2014 and required the parties to file a Joint Case Management Statement by January 31, 2014.  See ADR Sched. Order, Docket Item No. 5.  Plaintiffs failed to submit this statement.  Accordingly, the court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, requiring Plaintiffs to respond by February 10, 2014.  Order to Show Cause, Docket Item No. 16.  When Plaintiffs did not respond to the court's Order, the court dismissed this action in its entirety pursuant to Federal Rule of Civil Procedure 41(b).  Order Dismissing Case, Docket Item No. 17.  In doing so, the court entered judgment in favor of Defendant.  Judgment, Docket Item No. 18.  Defendant filed the instant Motion for Attorney Fees on February 25, 2014.  Dkt. No. 20.  Plaintiff did not timely file an Opposition to this motion.[2]

---

[1] The court hereby GRANTS Defendant's Request for Judicial Notice, Dkt. No. 21, because the documents Defendant submits are matters of public record. See Fed. R. Evid. 201; Gilbert v. World Sav. Bank, FSB, No. 10-CV-05162-WHA, 2011 WL 995966, at *3 (N.D. Cal. Mar. 21, 2011).

[2] Pursuant to the briefing schedule set for this motion, Plaintiffs' Opposition would have been due by March 11, 2014. Months later, on July 15, 2014, Plaintiffs' attorney filed a declaration from his paralegal attempting to excuse Plaintiffs' attorney's failure to timely file a response. See Docket Item No. 25. To the extent Plaintiffs' attorney

Case No.: 5:13-CV-04615-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

United States District Court
For the Northern District of California

## II.      Discussion

### a.  Entitlement to Attorney's Fees

"Under the American Rule, the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the losing party;" however, a statute or enforceable contract can overcome this default.  <u>Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co.</u>, 549 U.S. 443, 448 (2007) (internal citations and quotations omitted).  "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law."  <u>Carnes v. Zamani</u>, 488 F.3d 1057, 1059 (9th Cir. 2007).  Thus, state law governs the enforceability of a contract's attorney's fees provision.  In California, Civil Code § 1717(a) governs fee applications stemming from contract actions, providing:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

The court determines which party, if any, has prevailed on the contract for the purposes of awarding fees.  Cal. Civ. Code § 1717(b)(1).  Under this section, the prevailing party on a contract is the party that recovered a greater relief in the action on the contract.  <u>Id.</u> § 1717(b)(2).

Here, both the subject note and the subject deed of trust contain attorney's fees provisions. The subject note specifies:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.

Dkt. No. 21 Ex. 1 ¶ 7(E).  Likewise, the subject deed of trust states:

---

intended that declaration to serve as a Motion to Extend Time or other motion to reopen the briefing schedule, that motion is DENIED for failure to demonstrate good cause.

Case No.: 5:13-CV-04615-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

1    Lender may charge Borrower fees for services performed in connection with Borrower's

2    default, for the purpose of protecting Lender's interest in the Property and rights under this

3    Security Instrument, including, but not limited to, attorneys' fees, property inspection and

4    valuation fees.

5 Dkt. No. 21 Ex. 2 ¶ 14.

6      As each of Plaintiffs' claims was premised on the alleged modified terms of the subject

7 note and subject deed of trust, this action is indisputably based on these agreements.  See Dkt. No.

8 1 Ex. A.  Section 1717's limitation to actions "on a contract" has been construed liberally to mean

9 any action involving a contract; moreover, courts in California have held that fee clauses in

10 promissory notes and deeds of trust authorize attorney's fees for actions implicating these

11 agreements, regardless of whether a party incurred these fees offensively or defensively.  See

12 Turner v. Schultz, 175 Cal. App. 4th 974, 979 (Cal. Ct. App. 2009).  Plaintiffs' action can thus

13 properly be considered an action "on a contract," sufficient to invoke Section 1717 and support the

14 enforcement of the attorney's fee provisions contained in the subject note and subject deed of trust.

15      In addition, Defendant is plainly the prevailing party in this action.  Plaintiffs' complaint

16 was involuntarily dismissed for failure to prosecute and judgment was entered on behalf of

17 Defendant.  See Dkt. Nos. 17-18; Fed. R. Civ. P. 41(b) (specifying that an involuntary dismissal

18 "operates as an adjudication on the merits" unless it is "for lack of jurisdiction, improper venue, or

19 failure to join a party under Rule 19").  Therefore, Defendant is entitled to reasonable attorney's

20 fees pursuant to Section 1717 and the fee provisions in the subject note and subject deed of trust.

21      **b.  Reasonableness of Fees**

22      Having found Defendant eligible for an award of attorney's fees, the court must next

23 consider the reasonableness of the requested fees.  The determination of whether requested fees are

24 reasonable is left to the court's discretion.  Hancock Lab., Inc. v. Admiral Ins. Co., 777 F.2d 520,

25 526 (9th Cir. 1985).  Generally, the court begins by calculating the "lodestar," or the number of

26 hours reasonably expended multiplied by the reasonable hourly rate.  McCown v. City of Fontana,

27 565 F.3d 1097, 1102 (9th Cir. 2009).  In addition, the court may consider "(1) the time and labor

28 required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform

4

the legal services properly, (4) the preclusion of other employment by the attorney due to

acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

limitations imposed by the client or circumstances, (8) the amount involved and the results

obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the

case, (11) the nature and length of the professional relations with the client, and (12) awards in

similar cases." LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d

1334, 1341-42 (9th Cir. 1986) (citation omitted).  Ultimately, California law permits a judge to

determine a reasonable fee based on his or her own knowledge and experience.  See Scott, Blake &

Wynne v. Summit Ridge Estates, Inc., 251 Cal. App. 2d 347, 358 (Cal. Ct. App. 1967).

Here, Defendant requests a fee award based on the work of two attorneys: Mr. Leifer, an

attorney with four years of relevant experience who bills at a rate of $235/hour and Mr. Yap, an

attorney with five years of relevant experience who bills at a rate of $250/hour. These billing rates

appear to be in step with the range of rates awarded to similarly situated counsel.  See, e.g.,

Kennedy v. Wells Fargo Bank, N.A., No.  11-CV-00675-MMC, 2012 WL 4343295, at *3 (N.D.

Cal. Sept. 20, 2012).  Accordingly, the court finds defense counsel's billing rates to be reasonable.

Defendant seeks a total award of $12,844.  Dkt. No. 20-1 ¶ 2.  Of that amount, Defendant

incurred $9,016.50 from the time of the filing of this litigation until judgment.[3]  Id. ¶ 12.  Counsel

billed these hours for reviewing the file, removing Plaintiffs' action to this court, preparing a

Motion to Dismiss, meeting and conferring with Plaintiffs' counsel regarding alternative dispute

resolution and case management issues, drafting a case management statement, and preparing

Defendant's Rule 26 initial disclosures.  Id. ¶ 13.  Defendant additionally incurred $1,477.50 in

attorney's fees for the preparation of the instant motion[4] and budgeted an additional $2,350 for its

counsel to prepare a reply and travel to California for the hearing.  Id. ¶ 14.  As this last item

accounts for work that did not actually occur, the court will subtract that amount ($2,350) from the

requested amount.  Thus the true lodestar is $10,494.

---

[3] Mr. Leifer rendered 23.9 hours of service until judgment for a total of $5,616.50 in attorney's
fees.  Dkt. No. 20-1 ¶ 8.  Mr. Yap rendered 13.6 hours of service until judgment for a total of
$3,400 in attorney's fees.  Id. ¶ 10.
[4] Mr. Yap spent 4.5 hours ($1,125) preparing the instant motion and Mr. Leifer spent 1.5 hours
($352.50) reviewing it.  Dkt. No. 20-1 ¶ 14.

5

The court finds, however, that the total requested fee award of $10,494 is not entirely reasonable. Reviewing the submitted invoices and considering that this case presented a straightforward and commonly litigated issue that was ultimately resolved by an involuntary dismissal, i.e. not by effort on the part of Defendant or its counsel, the court is not persuaded that Defendant's counsel is entitled to the full amount requested. In light of these same considerations, and also considering that Defendant's attorneys routinely practice in this district with cases similar to this one, the court is not persuaded that the entirety of the hours spent on tasks such as conducting background searches on state and federal judges, analyzing court procedures and administrative docket entries, and preparing the Notice of Removal and Motion to Dismiss and related filings should be charged to Plaintiffs. As a result, the court will reduce the remaining attorney's fee amount by 30%, for an ultimate award of $7,345.80.

## III.    Conclusion

Based on the foregoing, Defendant's Motion for Attorney's Fees is GRANTED in the total amount of $7,345.80.

**IT IS SO ORDERED**

Dated: August 11, 2014



EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-CV-04615-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

United States District Court
For the Northern District of California